UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN B. FREITAS,<br><br>    Plaintiff,<br><br>v.<br><br>PATRICK R. MCKINNEY, et al.,<br><br>    Defendants. | Case No. 21-cv-08681-JST<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE**<br><br>Re: ECF No. 5 |

Before the Court is Plaintiff John B. Freitas's application to proceed in forma pauperis. ECF No. 5. A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that they are unable to pay such fees. 28 U.S.C. § 1915(a). Freitas has submitted the required documentation, and it is evident from his application that his assets and income are insufficient to enable him to pay the filing fees. Accordingly, Freitas's motion to proceed in forma pauperis is GRANTED.

However, a court is under a continuing duty to dismiss a case whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Freitas brings this case against Alameda County Superior Court Judge Patrick McKinney II, the State of California, and the County of Alameda. He seeks to overturn what he contends was a wrongful foreclosure sale and also challenges McKinney's actions during unlawful detainer proceedings.

United States District Court
Northern District of California

1    This Court lacks jurisdiction over Freitas's claims under the *Rooker-Feldman* doctrine. "If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). The court must refuse to hear a "forbidden de facto appeal from a judicial decision of a state court" and "must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Id.* at 1158. "A claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it, or if the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002) (quotation marks and citations omitted). "Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined." *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001). Thus, the district court lacks subject matter jurisdiction over a complaint, like Freitas's, that asks the court to "scrutinize the state court's application of various rules and procedures pertaining to his case." *Allah v. Superior Court*, 871 F.2d 887, 891 (9th Cir. 1989), *superseded by rule on other grounds, as stated in Harmston v. City and County of San Francisco*, 627 F.3d 1273 (9th Cir. 2010).

Moreover, state court judges like McKinney "are appointed by California's governor, and their salaries are established and paid by the State." *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987); *see also Hyland v. Wonder*, 117 F.3d 405, 413 (describing Superior Court judges as "state agents or employees"). The County of Alameda is therefore an improper defendant.

In addition, "[s]tates are protected by the Eleventh Amendment from suits brought by citizens in federal court." *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 817 (9th Cir. 2001). Thus, Freitas is "plainly barred by the Eleventh Amendment from suing the State of California in federal court." *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013).

2

1 Finally, Freitas's claims against McKinney are barred by judicial immunity, which includes immunity from suit for a "mistake of a judge in excess of his authority," as well as an "improper or erroneous act." *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (per curiam). "If judicial immunity means anything, it means that a judge will not be deprived of immunity because the action he took was in error or was in excess of his authority." *Id.* at 12-13 (quotation marks, ellipsis, and citation omitted). Allegations that a judge "act[ed] maliciously and corruptly" do not defeat judicial immunity, *Pierson v. Ray*, 386 U.S. 547, 554 (1967), nor do allegations that defendants "conspired to deprive [plaintiff] of his constitutional right to access the courts," *see Simmons v. Sacramento Cty. Superior Court*, 318 F.3d 1156, 1159, 1161 (9th Cir. 2003).

Freitas's complaint is dismissed for all of the above reasons. Although it appears unlikely that Freitas will be able to cure these deficiencies, the Court will nonetheless give him an opportunity to attempt to do so. Freitas may file an amended complaint not later than thirty days from the date of this order which corrects the deficiencies addressed in this order. Failure to do so, or failure to otherwise comply with this order, will result in dismissal with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which means that Freitas will not be allowed to pursue the claims raised in this complaint any further.

Freitas may wish to consult the resources for pro se litigants on the Court's website, https://cand.uscourts.gov/pro-se. Freitas may also wish to seek assistance from the free Legal Help Center operated by the Bar Association of San Francisco. The Legal Help Center does not provide legal representation, but it does provide pro se litigants the opportunity to speak with an attorney for basic legal help. Assistance is provide by appointment only, and appointments can be scheduled by emailing fedpro@sfbar.org or by calling (415) 782-8982.

**IT IS SO ORDERED.**

Dated: November 29, 2021



JON S. TIGAR
United States District Judge