UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN B. FREITAS,<br><br>    Plaintiff,<br><br>v.<br><br>PATRICK R. MCKINNEY, et al.,<br><br>    Defendants. | Case No. 21-cv-08681-JST<br><br>**ORDER DISMISSING CASE; ORDER RE: IN FORMA PAUPERIS STATUS ON APPEAL** |

The Court dismissed Plaintiff John B. Freitas's original complaint under 28 U.S.C. § 1915(e)(2)(B) with leave to amend. ECF No. 8. The Court explained that it lacked jurisdiction under the *Rooker-Feldman* doctrine because Freitas's claims were inextricably intertwined with a state court judgment, and that this Court has no jurisdiction to hold that the state court's decisions were wrong. *Id.* at 2. The Court further explained that the County of Alameda was an improper defendant because state court judges, like Defendant Patrick R. McKinney, are not county employees; that the Eleventh Amendment barred Freitas from suing the State of California; and that judicial immunity barred Freitas's claims against McKinney. *Id.* at 2-3.

Freitas filed a timely amended complaint. ECF No. 9. Upon review of that complaint, the Court finds that it fails to cure the deficiencies identified by the Court's prior order.[1] Freitas continues to raise claims that are inextricably intertwined with what he contends were unlawful

---

[1] Freitas has filed a notice of appeal of the Court's order dismissing his complaint with leave to amend. ECF No. 11. Ordinarily, "[t]he filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). However, a dismissal without leave to amend is not an appealable order, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc), and "[f]iling an appeal from an unappealable decision does not divest the district court of jurisdiction," *United States v. Hickey*, 580 F.3d 922, 928 (9th Cir. 2009). Thus, the Court has jurisdiction to consider Freitas's amended complaint.

state court proceedings. He also cannot overcome the Eleventh Amendment bar against suing the State of California in this Court, the judicial immunity protections afforded to Defendant McKinney, or the fact that the County of Alameda is an improper defendant. Because Freitas has already had one opportunity to amend the complaint and further leave to amend appears to be futile, the Court now dismisses this case with prejudice.

The Clerk shall enter judgment and close the file.

In addition, the Court finds that Freitas's complaint is frivolous, as it "has 'no arguable basis in fact or law.'" *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984)). Therefore, if Freitas were to appeal this order dismissing his case, the Court certifies that any such appeal would not be "taken in good faith" within the meaning of 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). If Freitas wishes to appeal this order without paying the required filing fee, he may seek in forma pauperis status in the Court of Appeals. Fed. R. App. P. 24(a)(5).

The Clerk shall transmit a copy of this order to the Ninth Circuit Court of Appeals.

**IT IS SO ORDERED.**

Dated: January 4, 2022

_____
JON S. TIGAR
United States District Judge

2